UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| UNDRAY WILSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-481-JMS-DML |
| | ) | |
| EDWIN G. BUSS, Commissioner of the Indiana Department of Correction, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## Entry and Order Directing Dismissal of Action

Because the complaint of Undray Wilson fails to state a cognizable claim for relief, the action must be dismissed. This conclusion is based on the following facts and circumstances:

1. Wilson is an inmate at the Pendleton Correctional Facility and has sued the Commissioner of the Indiana Department of Correction in his individual capacity. Wilson alleges that Commissioner Buss violated his due process rights and state law by imposing the sanction of non-contact visits for a conduct report without proof that Wilson violated a facility rule in the visiting area. Wilson separately filed a motion for a preliminary injunction asking the court to order the defendants to immediately A(cease) from illegally imposing the sanction of policy 02-01-102, non-contact visits, without proof that the petitioner actually violated a facility rule while in the visiting room.@ Dkt. 1, p. 4.

2. Because Wilson is a prisoner, his complaint is subject to the screening requirement of 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

3. Wilson's federal claim is asserted pursuant to 42 U.S.C. ' 1983. The first question in every ' 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*,

443 U.S. 137, 140 (1979). Wilson's complaint fails at this point to state a viable claim.

    a.    The right ostensibly implicated by Wilson's allegations is the Fourteenth Amendment guarantee of Due Process. But the Fourteenth Amendment doesn't protect against every change in the conditions of confinement having an adverse impact on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, or when the discipline imposed infringed on rights protected by the Due Process Clause of its own force. *Id.* Prison officials are entitled to Awide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.@ *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

    b.    AThe denial of prison access to a particular visitor >is well within the terms of confinement ordinarily contemplated by a prison sentence.=@ *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (quoting *Hewitt v. Helms,* 459 U.S. 460, 468 (1983)). It has therefore been held that prisoners have no right to contact visits. *Toussaint v. McCarthy,* 801 F.2d 1080, 1113-14 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987).

    c.    There is nothing in Wilson's allegations suggesting that the restriction of which he complains imposed an atypical and significant hardship in relation to the ordinary incidents of prison life, or infringed on rights protected by the Due Process Clause of its own force.[1]

    4.    No action lies under ' 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983). In the present case, the conduct Wilson alleges is clear, but nothing in that alleged conduct violated Wilson's federally secured rights.

    5.    This court=s jurisdiction over Wilson's pendent claims under Indiana law is conferred by 28 U.S.C. ' 1367(a), but in the circumstances of this--as is the general rule when federal claims are dismissed prior to trial--the pendent state law claims will be dismissed for lack of jurisdiction. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are

---

[1] Wilson cites to *Martin v. Wainwright*, 525 F.2d 983 (5th Cir. 1976,) in support of his claim but *Martin* is not applicable to this case. In *Martin*, the court held that refusal to permit visitation privileges because the visitor and visitee are of different races constitutes racial discrimination. There is no allegation of race discrimination in Wilson's complaint.

eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

6. Because the complaint fails to state a claim upon which relief can be granted, dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), the motion for a preliminary injunction (dkt 1) is **denied as moot,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/16/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Undray Wilson**
**DOC #891719**
**Pendleton Correctional Facility**
**Inmate Mail/Parcels**
**4490 West Reformatory Road**
**Pendleton, IN   46064-9001**